UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| DBG GROUP INVESTMENTS, LLC, AND | § | |
| VOLLARA, LLC | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 6:11-CV-662 |
| | § | |
| ALLEN JOHNSTON, | § | |
| GREENTECH ENVIRONMENTAL, LLC, | § | |
| DAVID BLACKWELL, | § | JURY DEMANDED |
| JUDY RENNER, | § | |
| GARY ENDRES, | § | |
| DOUG HOFFMAN, | § | |
| JOHN HAMMOND, | § | |
| JOSEPH MERCOLA, AND | § | |
| MERCOLA HEALTH RESOURCES, LLC, | § | |
| | § | |
| Defendants. | § | |

PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs DBG Group Investments, LLC ("DBG") and Vollara, LLC ("Vollara"), complain and allege as follows:

I.     THE PARTIES

1.     Plaintiff DBG is a limited liability company with its principal place of business in Texas.

2.     Plaintiff Vollara is a limited liability company with its principal place of business Texas.

3.     Defendant Allen Johnston is a citizen and resident of the State of Tennessee.

4.     Defendant GreenTech Environmental, LLC ("GreenTech") has its principal place of business at 6124 Kingsport Hwy 36, Suite 1, Gray, Tennessee, 37615.  Defendant Johnston is the CEO of GreenTech.

5.      On information and belief, Defendant David Blackwell resides in China, and is an agent for Defendants GreenTech and Johnston there.

6.      On information and belief, Defendant Judy Renner is a citizen and resident of the State of Tennessee.  She worked for Plaintiffs and is a current GreenTech employee.

7.      On information and belief, Defendant Gary Endres is a citizen and resident of the State of Tennessee, and has been an owner of Defendant GreenTech.

8.      On information and belief, Defendant Doug Hoffman is a citizen and resident of the State of Louisiana.

9.      On information and belief, Defendant John Hammond is a citizen and resident of the State of Indiana.

10.      On information and belief, Defendant Joseph Mercola is a citizen and resident of the State of Illinois.

11.      Defendant Mercola Health Resources, LLC, is a limited liability company with its principal place of business at 3615 Exchange Avenue, Aurora, Illinois, 60504.  On information and belief, Defendant Mercola owns Mercola Health Resources.

## II.   FACTUAL BACKGROUND

### A.   THE DBG INTELLECTUAL PROPERTY

12.      EcoQuest International, Inc. and/or EcoQuest Holdings Corporation (Ecoquest International, Inc. and EcoQuest Holdings Corporation, collectively referred to herein as "EcoQuest"), marketed, among other things, air purification products.  Over time, EcoQuest secured valuable patents, trademarks, and copyrighted materials.  Through extensive investment of time, labor, skill, and money, EcoQuest also created valuable trade secrets, confidential business information, and know-how.

13.     In March 2009, DBG acquired certain intellectual property owned by EcoQuest through an Article 9 UCC foreclosure sale including but not limited to certain patents and trademarks, and certain copyrighted materials, trade secrets, know-how, and other confidential business information.

14.     For example, United States Patent No. 7,166,259 ("the '259 patent"), entitled "Air Purifier With Control Sensors," was duly and legally issued by the United States Patent and Trademark Office ("PTO") on January 23, 2007.  Exhibit 1 is a true and correct copy of the '259 patent.  DBG is the owner of all rights, title, and interest in and to the '259 patent and is entitled to sue for past and future infringement.

15.     United States Patent No. D570,464 ("the '464 patent"), entitled "Air and surface purifying device" was duly and legally issued by the PTO on June 3, 2008.  Exhibit 2 is a true and correct copy of the '464 patent.  DBG is the owner of all rights, title, and interest in and to the '464 patent and is entitled to sue for past and future infringement.

16.     In addition to the trade secrets, confidential business information, and know-how that DBG acquired through foreclosure from EcoQuest, Plaintiffs have continued, through their own investment in time, labor, skill, and money, to acquire additional trade secrets, confidential business information, and know-how (collectively referred to herein as "Confidential Information").  Vollara is a licensee of the Confidential Information at issue in this lawsuit.

**B.     DEFENDANTS' KNOWLEDGE OF THE DBG INTELLECTUAL PROPERTY**

17.     On information and belief, Defendant Johnston worked for EcoQuest from 1998 until March 2009, and DBG upon conclusion of his employment with EcoQuest until April 2009.  Immediately prior to the time that his employment ended with EcoQuest, Johnston was its Chief

Technology Officer.  On information and belief, Johnson had knowledge of the '259 patent, the '464 patent, and the Confidential Information.

18.     On information and belief, Defendant Blackwell worked for EcoQuest from 2004 to March 2009.  Immediately prior to the time that his employment with EcoQuest ended, Blackwell's position was Director of Asian Operations.  On information and belief, Blackwell had knowledge of the '259 patent, the '464 patent, and the Confidential Information.  In part because Defendant Blackwell was given access to the Confidential Information, he was required to sign confidentiality agreements that restricted his use of Confidential Information upon termination of his employment.

19.     On information and belief, Defendant Endres worked for EcoQuest from at least as early as August 2005 to March 2009.  Immediately prior to the time that his employment with EcoQuest ended, Endres was employed as an engineer.  On information and belief, Endres had knowledge of the Confidential Information.  In part because Defendant Endres was given access to the Confidential Information, he was required to sign confidentiality agreements that restricted his use of Confidential Information upon termination of his employment.

20.     Defendant Renner worked for EcoQuest and Plaintiffs until June 2011.  At one time during the course of her employment with EcoQuest, Renner provided support to Defendant Blackwell.  On information and belief, during the course of her employment with EcoQuest and Plaintiffs, Renner acquired knowledge of Confidential Information.  In part because Defendant Renner was given access to Confidential Information, she was required to sign at least one confidentiality agreement that restricted her use of Confidential Information upon termination of her employment.

C.       DEFENDANTS' CONSPIRACY TO MISAPPROPRIATE DBG'S INTELLECTUAL PROPERTY

21.      In March 2009, DBG acquired certain assets of EcoQuest through foreclosure, including without limitation the assets in issue.

22.      At or about the time that DBG acquired the EcoQuest assets, the relationship between Defendants Blackwell and Endres and EcoQuest and DBG ended.

23.      After DBG acquired the EcoQuest assets, Defendant Johnston continued to work for DBG for only a short period of time, although in essentially the same capacity (i.e., as Chief Technology Officer).

24.      Ningbo Zhenhai Yuanda Electromechanical Manufacturing Co., Ltd. ("Yuanda") is a Chinese entity.  Yuanda manufactured air purification devices for EcoQuest.  During the period of time in which it manufactured air purification devices, and to assist it in its manufacturing efforts on behalf of EcoQuest, Yuanda was, under an obligation of secrecy, given access to Confidential Information.  Yuanda has actual knowledge of the '464 patent.  On information and belief, Yuanda also has knowledge of the '259 patent.

25.      On information and belief, in the latter half of 2009, Yuanda and Defendants Johnston and Blackwell conspired to use Plaintiffs' Confidential Information to manufacture, distribute, and sell air purification products that compete with Plaintiffs' products, including Plaintiffs' FreshAir product.

26.      Defendant Johnston markets air purification products manufactured by Yuanda through Defendant GreenTech.  The Yuanda/GreenTech devices are marketed under the name GT3000.  The GT3000 is manufactured using Confidential Information acquired from EcoQuest, as well as additional Confidential Information provided to Yuanda by Johnston.  The GT3000, which is a knock-off of Plaintiffs' FreshAir product, is even called the "FreshAir 3" by Yuanda.

27.     On information and belief, Defendant Blackwell acts as an agent for Defendants Johnston and GreenTech, in China by, for example, supervising Yuanda's manufacture of devices for his co-conspirators.

28.     On information and belief, Defendant Johnston at one time assigned ownership interests in Defendant GreenTech to Defendant Endres.  On information and belief, during times that he has owned GreenTech, Defendant Endres directed GreenTech in the marketing of air purification devices that were manufactured using Confidential Information and compete with Plaintiffs' products.

29.     Defendant Renner worked for Plaintiffs until June 2011.  During the course of fulfilling her duties for Plaintiffs, Defendant Renner acquired Confidential Information regarding Plaintiffs' LaundryPure project.  On information and belief, after her relationship with Plaintiffs was terminated, she was hired by Defendant Johnston to work at Defendant GreenTech in connection with a product that competes with Plaintiffs' LaundryPure product.  On information and belief, Defendants Johnston, GreenTech, and Renner have used Plaintiffs' Confidential Information to market a product that competes with Plaintiffs' LaundryPure product.

D.     DEFENDANTS' PATENT INFRINGEMENT AND FALSE ADVERTISING

30.     Defendants Johnston and GreenTech have imported into the United States and/or made, used, sold, and/or offered for sale within the United States, products covered by the '259 patent and the '464 patent, including but not limited to, the GT3000 Air Purifier, and/or has induced and/or contributed to such activities by others.

31.     On information and belief, Defendant Hammond has used, sold, and/or offered for sale within the United States, products covered by the '259 patent and the '464 patent, including

but not limited to, the GT3000 Air Purifier, and/or has induced and/or contributed to such activities by others.

32.     On information and belief, Defendant Hoffman has used, sold, and/or offered for sale within the United States, products covered by the '259 patent and the '464 patent, including but not limited to, the GT3000 Air Purifier, and/or has induced and/or contributed to such activities by others.

33.     Defendant Mercola and Mercola Health Resources have imported into the United States and/or made, used, sold, and/or offered for sale within the United States, products covered by the '259 patent and the '464 patent, including but not limited to, the Dr. Mercola Pure & Clear Air Purifier, and/or has induced and/or contributed to such activities by others.  Such acts have occurred and are occurring in this Judicial District and elsewhere.

34.     Defendants Johnston, GreenTech, Mercola, and Mercola Health Resources have used false and/or misleading statements of fact in connection with the marketing of their air purification devices that compete with Plaintiffs' products, including but not limited to the following:

        a.     On information and belief, these Defendants have falsely and/or misleadingly claimed that the technology used in their air purification devices was tested as evidenced in peer-reviewed literature referred to as the so-called "University of Cincinnati Test" and "Kansas State University Test".  These tests actually involved testing of technology owned by Plaintiff DBG.

        b.     On information and belief, Defendants Johnston and GreenTech have falsely claimed that the air purification products they market contain Certified Space Technology®.

## III. CLAIMS

### COUNT I
### PATENT INFRINGEMENT

35.     Plaintiffs reallege and incorporate the paragraphs set forth above.

36.     Defendants Johnston, GreenTech, Hammond, Hoffman, Mercola, and Mercola Health Resources have infringed, contributorily infringed and/or induced infringement of the '259 patent and the '464 patent.

37.     These Defendants' infringement of the '259 patent and the '464 patent has damaged and will continue to damage Plaintiffs.

38.     On information and belief, infringement of the '259 patent and the '464 patent by Defendants Johnston and GreenTech has been willful.

### COUNT II
### BREACH OF CONTRACT

39.     Plaintiffs reallege and incorporate the paragraphs set forth above.

40.     Defendants Blackwell, Endres, and Renner entered into and executed confidentiality agreements concerning the Confidential Information (hereinafter "Confidentiality Agreements").

41.     The Confidentiality Agreements are valid, binding, and enforceable.   All conditions precedent to recovery have been satisfied or performed.

42.     Without justification or excuse, these Defendants have willfully and intentionally breached their obligations under the Confidentiality Agreements.

43.     As a direct and proximate result of these Defendants' breaches of contract, Plaintiffs have been damaged in an amount in excess of $75,000.

## COUNT III
### TORTIOUS INTERFERENCE WITH CONTRACT

44.     Plaintiffs reallege and incorporate the paragraphs set forth above.

45.     The Confidentiality Agreements are valid and enforceable, and DBG owns all rights to them.

46.     The Confidentiality Agreements are valid and enforceable.

47.     Defendant Johnston was at all relevant times aware of the Confidentiality Agreements.

48.     By conspiring with and doing business with Defendants Blackwell, Endres, and Renner, Defendant Johnston has willfully and intentionally caused these other defendants to breach and has interfered with the Confidentiality Agreements.

49.     As a direct and proximate result of Defendant Johnston's conduct, DBG has been injured in an amount in excess of $75,000.

## COUNT IV
### MISAPPROPRIATION OF TRADE SECRETS

50.     Plaintiffs reallege and incorporate the paragraphs set forth above.

51.     On information and belief, Defendants Blackwell, Endres, Renner, and GreenTech have misappropriated Plaintiffs' trade secrets.

52.     The Confidential Information is of substantial value to Plaintiffs, and large sums of money and substantial effort were expended in developing the Confidential Information.

53.     Reasonable measures have been taken to maintain the secrecy of the Confidential Information.

54.     The Confidential Information presents an opportunity to Plaintiffs to obtain an advantage over competitors who do not know or use it.

55.     On information and belief, Defendants Blackwell, Endres and Renner have used Confidential Information in furtherance of scheme(s) to manufacture and market products that compete with Plaintiffs' products.  Their use of Confidential Information was a violation of the Confidentiality Agreements and/or duties arising out of the confidential relationship between Defendants Blackwell, Endres and Renner and DBG or EcoQuest.

56.     Defendant GreenTech has used the Confidential Information after acquiring it with notice that disclosure of it was a violation of the Confidentiality Agreements and/or duties arising out of the confidential relationship between Defendants Johnston, Blackwell, Endres and Renner and DBG or EcoQuest.

57.     These Defendants used the Confidential Information without DBG's authorization.

58.     As a proximate result of these Defendants' misappropriation, Plaintiffs have been damaged in an amount in excess of $75,000.

**COUNT V**
**VIOLATION OF TEXAS THEFT LIABILITY ACT**

59.     Plaintiffs reallege and incorporate the paragraphs set forth above.

60.     Plaintiffs own and/or has a possessory right to the Confidential Information, which constitutes trade secrets.

61.     On information and belief, Defendants Blackwell, Endres, Rennerand GreenTech have unlawfully appropriated and stolen Plaintiffs' Confidential Information.

62.     These Defendants' unlawful taking was made with intent to deprive Plaintiffs of the value of the Confidential Information.

63.     Accordingly, these Defendants are liable for violating the Texas Theft Liability Act pursuant to Texas Penal Code § 31.05.

64.    As a direct and proximate result of these Defendants' conduct, Plaintiffs have suffered substantial harm and are entitled to compensatory damages in an amount that exceeds $75,000.

## COUNT VI
## COMMON LAW MISAPPROPRIATION

65.    Plaintiffs reallege and incorporate the paragraphs set forth above.

66.    Plaintiffs and/or EcoQuest expended extensive time, labor, skill and money to develop the Confidential Information.

67.    Defendants Blackwell, Endres, Renner, and GreenTech have used the Confidential Information in competition with Plaintiffs, therefore gaining a special advantage as these Defendants were burdened with little or none of the expense incurred in initially developing the Confidential Information.

68.    Plaintiffs have been commercially damaged as a result of these Defendants' use of the Confidential Information in competition with Plaintiffs, in that these Defendants have taken business away from Plaintiffs while avoiding extensive time, labor, and other development costs incurred in developing the Confidential Information.

## COUNT VII
## FALSE AND MISLEADING ADVERTISING IN VIOLATION OF THE LANHAM ACT

69.    Plaintiffs reallege and incorporate the paragraphs set forth above.

70.    This claim arises under the Lanham Act, 15 U.S.C. § 1051, et seq.

71.    Defendants Johnston, GreenTech, Mercola Health Resources, and Mercola, in connection with their air purifier devices, have used false and/or misleading descriptions of fact, which in commercial advertising or promotion, misrepresent the nature, characteristics and/or qualities of their air purifier devices.

72.     These Defendants' false and/or misleading descriptions have actually deceived or have had the capacity to deceive a substantial segment of potential consumers.

73.     These Defendants' false and/or misleading descriptions were and are material and likely to influence consumers' purchasing decisions.

74.     These Defendants' false and misleading statements and representations were and are made in interstate commerce.

75.     As a result of these Defendants' unlawful activities, as described above, Plaintiffs have suffered and will continue to suffer irreparable injury and damages, including but not limited to loss of sales and profits which Plaintiffs would likely have made but for the false and deceptive advertising and unfair competition by these Defendants.

### COUNT VIII
### COMMON LAW FALSE AND MISLEADING ADVERTISING

76.     Plaintiffs reallege and incorporate the paragraphs set forth above.

77.     This claim arises under the common law unfair competition laws of the several states.

78.     Defendants Johnston, GreenTech, Mercola Health Resources, and Mercola, in connection with their air purifier devices, have used false and/or misleading descriptions of fact, which in commercial advertising or promotion, misrepresent the nature, characteristics and/or qualities of their air purifier devices.

79.     These Defendants' false and/or misleading descriptions have actually deceived or have had the capacity to deceive a substantial segment of potential consumers.

80.     These Defendants' false and/or misleading descriptions were and are material and likely to influence consumers' purchasing decisions.

81.     These Defendants' unlawful conduct constitutes unfair competition under the common law.

82.     As a result of these Defendants' unlawful activities, as described above, Plaintiffs have suffered and will continue to suffer irreparable injury and damages, including but not limited to loss of sales and profits which Plaintiffs would likely have made but for the false and deceptive advertising and unfair competition by these Defendants.

### COUNT IX
### CIVIL CONSPIRACY

83.     Plaintiffs reallege and incorporate the paragraphs set forth above.

84.     On information and belief, Yuanda and Defendants Johnston, Blackwell, Renner, and GreenTech have agreed among one another to unlawfully use Plaintiffs' Confidential Information to manufacture, distribute, and sell products that compete with Plaintiffs' products.

85.     On information and belief, these Defendants had a meeting of the minds to unlawfully use Plaintiffs' Confidential Information, and they committed over acts in furtherance of their conspiracy.

86.     As a proximate and direct result of these Defendants' conspiracy and the conduct in furtherance thereof, Plaintiffs have suffered damages in an amount in excess of $75,000.

### COUNT X
### TORTIOUS INTERFERENCE WITH PROSPECTIVE RELATIONS

87.     Plaintiffs reallege and incorporate the paragraphs set forth above.

88.     The air purifier and laundry products sold by Plaintiffs are well known and well regarded by consumers.

89.     There was a reasonable probability that Plaintiffs would have sold more air purifier and laundry products than they actually have but for the above-described patent infringement, tortious interference with contracts, and trade secret misappropriation.

90.     Defendants intentionally interfered with Plaintiffs' prospective sales in that they either desired to prevent those sales or were substantially certain that prevention of those sales was likely to occur as a result of their misconduct.

91.     As a proximate and direct result of Defendants' intentional interference, Plaintiffs have suffered damages in an amount in excess of $75,000.

## COUNT XI
## COMMON LAW UNFAIR COMPETITION

92.     Plaintiffs reallege and incorporate the paragraphs set forth above.

93.     The above-described misconduct constitutes common law unfair competition.

94.     Plaintiffs have suffered damages as a result of Defendants' unfair competition in an amount in excess of $75,000.

## IV.    JURISDICTION AND VENUE

95.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1332, 1338(a), 1338(b), and 1367.

96.     This Court has personal jurisdiction over Defendants for at least the following reasons:

a.     Defendant Johnston worked for Plaintiff DBG.   On information and belief, during and shortly after the time that Johnston worked for DBG, he conspired with Yuanda and Defendant Blackwell to market air purification devices utilizing Confidential Information and DBG's patented technology.   An object of this conspiracy was to sell the infringing devices throughout the United States, including Texas.   On information and belief,

Defendant Johnston has instituted this object of the conspiracy and has sold and/or offered for sale to consumers in Texas infringing air purification devices manufactured by Yuanda and marketed under the GreenTech brand, or has encouraged others to do so for his own benefit.

b.      On information and belief, Defendant GreenTech has sold and/or offered for sale to consumers in Texas infringing air purification devices manufactured by Yuanda, or has encouraged others to do so on its behalf.  On information and belief, Defendant Endres has encouraged others to sell and/or offer to sell to consumers in Texas infringing air purification devices manufactured by Yuanda on behalf of Defendant GreenTech.    On information and belief, Defendant Hoffman has sold and/or offered for sale to consumers in Texas infringing air purification devices manufactured by Yuanda on behalf of Defendant GreenTech, or has encouraged others to do so on his behalf.  On information and belief, Defendant Mercola has sold and/or offered for sale to consumers in Texas air purification devices manufactured by Yuanda on behalf of Defendant GreenTech, or has encouraged others to do so on his behalf.  On information and belief, Defendant Mercola Health Resources has sold and/or offered for sale to consumers in Texas air purification devices manufactured by Yuanda on behalf of Defendant GreenTech, or has encouraged others to do so on its behalf.

c.      Defendant Renner worked for Plaintiffs until June 2011.  She now works for Defendant GreenTech.  Among other things, Renner is assisting GreenTech with the marketing of a product that competes with Plaintiffs' LaundryPure product and utilizing Confidential Information.  Renner is encouraging the sale of GreenTech's competing products in Texas.

d.      Until June 2011, Defendant Hammond contracted with Plaintiff DBG to market products on behalf of DBG.  On information and belief, Defendant Hammond has

conspired with Defendant Johnston to sell and/or offer for sale to consumers throughout the United States, including Texas, air purification devices manufactured by Yuanda on behalf of Defendant GreenTech.

97.    Venue is proper in this Judicial District under 28 U.S.C. §§ 1391(b)(3) and 1391(c) because, at least one of the Defendants may be found in this District.

## V.  DEMAND FOR JURY TRIAL

98.    Plaintiffs request a jury to hear this action.

## VI.  PRAYER FOR RELIEF

For these reasons, Plaintiffs respectfully request that this Court enter judgment in their favor and grant the following relief:

  a.    actual damages;

  b.    lost profits;

  c.    disgorgement of Defendants' profits;

  d.    a reasonably royalty;

  e.    treble damages;

  f.    exemplary damages;

  g.    statutory damages;

  h.    reasonable attorneys' fees;

  i.    court costs;

  j.    interest;

  k.    injunctive relief for irreparable harm to Plaintiffs; and

  l.    such other relief as the Court may deem just.

DATED this 8th day of December, 2011.

Respectfully submitted,


By: /s/ Casey L. Griffith
    Casey L. Griffith
    State Bar No. 24036687
    Darin M. Klemchuk
    State Bar No. 24002418
    Kelsey M. Weir
    State Bar No. 24051504
    Kirby B. Drake
    State Bar No. 24036502
    KLEMCHUK KUBASTA LLP
    8150 N. Central Expressway
    10th Floor
    Dallas, Texas 75206
    Tel. 214.367.6000
    Fax. 214.367.6001
    casey.griffith@kk-llp.com
    darin.klemchuk@kk-llp.com
    kelsey.weir@kk-llp.com
    kirby.drake@kk-llp.com
    docketing_kkllp@me.com

    **AND**

    Robert Christopher Bunt
    State Bar No.  00787165
    PARKER, BUNT, & AINSWORTH, P.C.
    100 E. Ferguson, Suite 1114
    Tyler, Texas 75702
    903/531-3535
    903/533-9687 - Facsimile
    E-mail: rcbunt@pbatyler.com

    **ATTORNEYS FOR PLAINTIFFS**
    **DBG GROUP INVESTMENTS, LLC**
    **AND VOLLARA HOLDINGS, LLC**